UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

CHUN S. WOO and
CHONG HUI CHI,

Debtors.
_____/

Case No. 6:09-bk-16451-ABB
Chapter 7

SOO-KYUNG CHEONG,

Plaintiff,

vs.

CHONG HUI CHI,

Defendant.
_____/

Adv. Pro. No. 6:10-ap-00018-ABB

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Complaint for Exception to Discharge (Doc. No. 1) ("Complaint") and the Motion for Entry of Default (Doc. No. 13) filed by the Plaintiff Soo-Kyung Cheong ("Plaintiff") against the Debtor/Defendant Chong Hui Chi ("Defendant"), requesting a judgment debt be deemed nondischargeable pursuant to 11 U.S.C. Section 523(a)(4). An evidentiary hearing was held on August 10, 2010 at which counsel for Plaintiff appeared. Defendant did not appear.

Judgment is due to be entered in favor of Plaintiff and against Defendant for the reasons set forth herein. The Court makes the following findings and conclusions after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## *State Court Judgment*

Defendant was married to the Plaintiff's brother Su-Young Cheong ("Su-Young"), who died in 2005. Defendant and Plaintiff are Korean; Su-Young was Korean. They lived in a Korean community in South Bend, Indiana where Su-Young had owned a restaurant named Angelo's Pizzeria. Defendant operated the restaurant during the last year of Su-Young's life and after his death. Defendant relocated to Apopka, Florida subsequent to Su-Young's death.

A probate proceeding was instituted upon Su-Young's death and Plaintiff was appointed the Personal Representative of Su-Young's probate estate. Plaintiff, as the Personal Representative, discovered irregularities in Su-Young's financial records and that assets were unaccounted for by Defendant. Plaintiff instituted a lawsuit against Defendant to recover the assets in the Circuit Court of the 18th Judicial Circuit in and for Seminole County, Florida captioned <u>Soo-Kyung Cheong, as Personal Representative of the Estate of Su-Young Choung</u>, Case No. 05-CA-1781-16-L.

The Florida State Court entered a Final Judgment on Motion for Summary Judgment on October 24, 2007 ("Final Judgment") in favor of Plaintiff as Personal Representative and against Defendant.[1] The Final Judgment was based on, in part, Plaintiff's Affidavit.[2] The Florida State Court found:

> [Defendant] has kept numerous personal property belonging to decedent, Su-Young Choung, after his death, and gave such property to friends or relatives, or disposed of the property without regard to the rights of the Estate of Su-Young Choung.
>
> [Defendant] has taken money from decedent's business.

---

[1] Pl's Ex. 1.
[2] Pl's Ex. 3.

2

> Additionally, the Court previously awarded the estate of Su-Young Choung attorney's fees as a result of fraud committed by Defendant, Chong Hui Chi[,] on the Court regarding the ownership and/or disposition of a van belonging to the estate, but the Court at such time had not determined the amount of attorney's fees ....[3]

The Court awarded Plaintiff, as Personal Representative, the amount of $50,602.79 consisting of damages of $36,372.61, attorney's fees of $3,902.53, and costs of $10,327.65, with interest at the rate of 11.0% per annum.

Plaintiff, as the Personal Representative of Su-Young's probate estate, assigned the Final Judgment to Plaintiff individually pursuant to the Assignment of Final Judgment executed on January 25, 2008 and recorded in the Official Records Book of Orange County, Florida on March 4, 2008.[4]

### *Adversary Proceeding*

Defendant filed a Chapter 7 bankruptcy case on October 29, 2009 and Plaintiff instituted this adversary proceeding against her seeking to have the Final Judgment debt adjudicated nondischargeable pursuant to 11 U.S.C. Section 523(a)(4). Plaintiff asserts the State Court's findings in the Final Judgment establish the debt is nondischargeable.

Plaintiff has limited English language skills and her husband James Shelley, who has first-hand knowledge of Defendant's actions and the events giving rise to the Final Judgment testified as Plaintiff's sole witness.

Plaintiff served the Complaint and Summons on Defendant and Defendant's bankruptcy counsel. Notices of all hearings were duly served on Defendant at her address of record. Defendant has not responded to the Complaint or made any

---

[3] Pl's Ex. 1 at pp. 1, 2.
[4] Pl's Ex. 2.

appearance in this adversary proceeding. She is in default pursuant to Federal Rule of Civil Procedure 55 and Federal Rule of Bankruptcy Procedure 7055.

Section 524(a)(4) of the Bankruptcy Code provides a debtor is not discharged from debts resulting from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). Plaintiff, to prevail, must establish the nondischargeability elements of Section 524(a)(4) by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991).

Plaintiff did not plead or establish the Debtor was a fiduciary as defined by Federal bankruptcy law. In re Goodwin, 355 B.R. 337, 343 (Bankr. M.D. Fla. 2006). Plaintiff did not establish: (i) a segregated trust res; (ii) an identifiable beneficiary; and (iii) affirmative trust duties created by contract or by statute. The Final Judgment does not contain a finding Defendant was a fiduciary.

Embezzlement and larceny constitute separate Section 524(a)(4) causes of action and do not require a finding of fiduciary capacity. McDowell v. Stein, 415 B.R. 584, 594 (S.D. Fla. 2009). The phrase "while acting in a fiduciary capacity" does not qualify "embezzlement" or "larceny." Id. A plaintiff, however, must establish fraud or fraudulent intent. In re Kelley, 84 B.R. 225, 231 (Bankr. M.D. Fla. 1988)

"Embezzlement" and "larceny" are not defined by the Bankruptcy Code; their definitions derive from federal common law. In re Labidou, Case No. 08-29828-EPK, 2009 WL 2913483, at *5 (Bankr. S.D. Fla. Sept. 8, 2009). Embezzlement is defined for dischargeability purposes as "the fraudulent appropriation or property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." In re Kelley, 84 B.R. at 231 (quoting Moore v. U.S., 160 U.S. 268, 269 (1895)). Larceny

constitutes the "fraudulent taking and carrying away of property of another with intent to convert such property to his use without consent of another." In re Smith, 381 B.R. 398, 403 (Bankr. M.D. Fla. 2007).

The Final Judgment sufficiently establishes the elements of larceny. Plaintiff has established by a preponderance of the evidence the Final Judgment debt is nondischargeable pursuant to 11 U.S.C. Section 523(a)(4). Judgment is due to be entered in favor of Plaintiff and against Defendant.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that Plaintiff's Motion for Entry of Default (Doc. No. 13) is hereby **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the indebtedness owed by Defendant to Plaintiff pursuant to the Final Judgment and Assignment of Final Judgment is **NONDISCHARGEABLE** pursuant to 11 U.S.C. Section 523(a)(4).

A separate judgment in favor of Plaintiff and against Defendant consistent with these findings and conclusions shall be entered contemporaneously.

Dated this 20TH day of September, 2010.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge